UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

PATRICK NATHANIEL REED,

    Plaintiff,

v.

Case No. 3:22-cv-1181-TJC-PDB

SHANE RYAN, HACHETTE BOOK GROUP, INC., DOUG FERGUSON, THE ASSOCIATED PRESS, FOX SPORTS, INC., NYP HOLDINGS, INC., and GAVIN NEWSHAM,

    Defendants.

## O R D E R

This case is before the Court sua sponte on Plaintiff Patrick Nathaniel Reed's Complaint. (Doc. 1). The Court previously sua sponte dismissed another one of Reed's complaints in a related case. See Reed v. Chamblee et al., 3:22-cv-1059-TJC-PDB (M.D. Fla.). The pleadings in the related case and this case are very similar, and like the complaint in the related case, this Complaint is also due to be dismissed.

First, the Complaint is a shotgun pleading. There are four types of shotgun pleadings:

> [1] The most common type—by a long shot—is a complaint containing multiple counts where each count adopts the allegations of all preceding counts, causing each successive count to carry all that came before and the last count to be a combination of the entire

> complaint. [2] The next most common type . . . is a complaint that . . . is guilty of the venial sin of being replete with conclusory, vague, and immaterial facts not obviously connected to any particular cause of action. [3] The third type of shotgun pleading is one that commits the sin of not separating into a different count each cause of action or claim for relief. [4] Fourth, and finally, there is the relatively rare sin of asserting multiple claims against multiple defendants without specifying which of the defendants are responsible for which acts or omissions, or which of the defendants the claim is brought against.

Weiland v. Palm Beach Cnty. Sheriff's Off., 792 F.3d 1313, 1321–23 (11th Cir. 2015). Most importantly, "[t]he unifying characteristic of all types of shotgun pleadings is that they fail to one degree or another, and in one way or another, to give the defendants adequate notice of the claims against them and the grounds upon which each claim rests." Id. at 1323. Reed's Complaint does not cleanly fit into one of the four types of shotgun pleadings; however, it fails to give Defendants notice of the grounds upon which each claim rests because Reed alleges 104 factual allegations, then proceeds to incorporate all 104 allegations into each and every count. See e.g., (Doc. 1 ¶¶ 105, 112, 121). Reed attempts to allege various defamation, "injurious falsehood," tortious interference, and civil conspiracy claims against each Defendant; causes of action which require vastly different factual allegations. Id. at 27–91. The Court is dismissing Reed's Complaint without prejudice. In his amended complaint, Reed is instructed to incorporate into each count only the factual allegations that are relevant to the respective causes of action.

Second, Reed's Complaint fails to comply with the directives of Federal Rule of Civil Procedure 8(a) which states that a pleading must contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ." Ninety-two pages and forty-two counts later, Reed's Complaint is neither short nor plain. See (Doc. 1). In drafting the amended complaint, Reed is instructed to bring only those claims that are supported in law.

Accordingly, it is hereby

**ORDERED:**

1. Plaintiff's Complaint (Doc. 1) is **DISMISSED without prejudice**. Plaintiff shall file an amended complaint no later than **January 13, 2023** in accordance with this Order.

2. Defendants shall respond or answer the amended complaint no later than **February 10, 2023**.

**DONE AND ORDERED** in Jacksonville, Florida the 13th day of December, 2022.



TIMOTHY J. CORRIGAN
United States District Judge

ckm
Copies:

Counsel of record