IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

PATRICK NATHANIEL REED,

        Plaintiff,

v.

SHANE RYAN, *et al*

        Defendants.

Case No: 3:22-cv-01181-TJC-PDB

**PLAINTIFF PATRICK NATHANIEL REED'S NOTICE OF COMPLIANCE WITH ORDER OF DECEMBER 13, 2022 CONCERNING AMENDED COMPLAINT**

Plaintiff Patrick Nathaniel Reed, pursuant to this honorable Court's order of December 13, 2022 ("the Order"), hereby files and serves his Amended Complaint.

In good faith, Mr. Reed has reworked the initial complaint, heeding the instructions of this honorable Court and its prior opinions in defamation cases in the following ways:

First, Mr. Reed had not realleged by reference the preceding paragraphs in each of the counts that follow the foundational background facts, and thus he had not realleged, as set forth in the Order, 120 factual allegations.

Second, wherever possible, Mr. Reed has omitted factual allegations to shorten the length of the overall Amended Complaint. However, he has pled necessary facts that create the foundation of alleged proof for later counts, especially where constitutional aka actual malice is pled. *See* Manual Socias, *Showing Constitutional Malice in media Defamation*, Fla. Bar. J., Sept. 2018, available at https://www.floridabar.org/the-florida-bar-journal/showing-constitutional-

1

malice-in-media-defamation/. Exhibit 1. Plaintiff Reed so pled with specificity to insure that the Defendants and this honorable Court are on very specific notice of his alleged facts and claims.

Third, each count is self-contained with the specific facts which are alleged to constitute defamation, in order that each Defendant will specifically know what is at issue. These specific defamatory statements are highlighted in bold font. In relevant part, an entire passage of the alleged defamatory material is pled, as black letter defamation caselaw teaches that an article or portion of an article taken as a whole can be defamatory as well. *Byrd v. Hustler Magazine*, 433 So. 2d 593, 595 (Fla. Dist. Ct. App. 1983).

Fourth, Mr. Reed, by necessity and to avoid a shotgun pleading, has pled defamatory counts, separately, for each Defendant, based on the three types of defamation under Florida law; defamation, defamation per se and defamation by implication and the tort of tortious interference. Because of the requirement to plead in this fashion, the number of Defendants, and the large number of defamatory publications, the Amended Complaint is not short. But it is exceedingly specific as to each count and provides specific notice to each Defendant as the Honorable Court has instructed.

Fifth, the counts for injurious falsehood and conspiracy have been removed, which have shorted the overall length of the Amended Complaint as this honorable Court has instructed. While Mr. Reed believes these to be viable causes of action, to comply with this honorable Court's concerns about the length of the initial Complaint , they have been deleted, without prejudice. Instead of pleading separate counts for conspiracy among the Defendants, the factual allegations which refer to this conspiracy show that the Defendants had a motive and intent to act in concert, thus underscoring the breadth and severity of the defamation and other tortious acts at issue, as well as the indicia which support allegations of constitutional and actual malice.

Sixth, two new Defendants have been added by necessity, Erik Larson and Bloomberg, L.P., as the defamation perpetrated by them after the initial Complaint was filed, comports and is consistent with the defamatory publications as pled concerning the other Defendants in the initial Complaint. Thus, for purposes of litigation efficiency and rather than having to file a third Complaint, in addition to the related one in *Reed v. Ryan et. al*, Case No. 3:22-civ-1181-TJC-PDG, these Defendants and their tortious acts have been incorporated into this Amended Complaint. They will be served shortly.

In conclusion, Mr. Reed and his counsel have great respect for this honorable Court and thus have endeavored to comply, in good faith, with its Order, and as referenced briefly in the Amended Complaint, this honorable Court's prior written opinions in defamation cases, which were thoroughly researched. Given the breath and scope of the defamation and other torts committed against Mr. Reed, which is unprecedented in the history of professional golf, this Amended Complaint, by necessity and to avoid shotgun pleading, could not be short. Each of the Defendants thus have specific notice of what they are being charged with.

Dated: January 13, 2023                                               Respectfully submitted,

By: */s/ Larry Klayman*
Larry Klayman, Esq.
Klayman Law Group P.A.
Florida Bar No.: 246220
7050 W. Palmetto Park Rd
Boca Raton, FL, 33433
Tel: 561-558-5536
leklayman@gmail.com

*Counsel for Patrick Nathaniel Reed*

## **CERTIFICATE OF SERVICE**

I, Larry Klayman, hereby certify that on this day, January 13, 2023, I electronically filed the foregoing with the Clerk of Court using the Court's ECF procedures. I also certify that the foregoing document is being served this day on all counsel of record through the Court's eservice procedures.

/s/ *Larry Klayman*