UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

PATRICK NATHIANIEL REED,

    Plaintiff,

v.                                                                  Case No. 3:22-cv-01181

SHANE RYAN, HACHETTE BOOK
GROUP, INC., DOUG FERGUSON,
THE ASSOCIATED PRESS, FOX SPORTS,
INC., NYP HOLDINGS, INC.

    Defendants.
_____

## Uniform Case Management Report

The goal of this case management report is to "secure the just, speedy, and inexpensive determination of" the action. *See* Fed. R. Civ. P. 1. Under Local Rule 3.02(a)(2), this case management report should be used in all civil cases except those described in Local Rule 3.02(d). Individual judges may have additional case management preferences that can be found under each judge's name on the Court's website, flmd.uscourts.gov/judges/all.

1. **Date and Attendees**

> The parties may conduct the planning conference "in person, by telephone, or by comparable means[.]" *See* Local Rule 3.02(a)(1).

The parties conducted the planning conference on 2/28/2023. Plaintiff's counsel, Larry Klayman and his Executive Assistant Asher Anderson of Klayman Law Group, P.A., along with Defendants' counsel Carol LoCicero and Linda Norbut of Thomas & LoCicero, PL., Jesse Feitel and Jeremy Chase of Davis Wright Tremaine, LLP. attended the conference.

2. **Deadlines and Dates**

The parties request these deadlines and dates:

| Action or Event | Date |
|---|---|

| | | |
|---|---|---|
| Deadline for providing mandatory initial disclosures. *See* Fed. R. Civ. P. 26(a)(1). | | 3/14/2023 |
| Deadline for moving to join a party, *see* Fed. R. Civ. P. 14, 19, and 20, or amend the pleadings, *see* Fed. R. Civ. P. 15(a). | | 4/1/2023 |
| Deadline for serving expert disclosures under Rule 26(a)(2), including any report required by Rule 26(a)(2)(B). | Plaintiff | 9/15/2023 |
| | Defendant | 10/16/2023 |
| | Rebuttal | 11/15/2023 |
| Deadline for completing discovery and filing any motion to compel discovery. *See* Fed. R. Civ. P. 37; *Middle District Discovery* (2021). | | 12/15/2023 |
| Deadline for moving for class certification, if applicable. *See* Fed. R. Civ. P. 23(c). | | N/A |
| Deadline for participating in mediation. *See* Local Rules, ch. 4.<br><br>Enter mediator's name, address, and phone number. | | 12/1/2023 |
| Deadline for filing any dispositive and *Daubert* motion. *See* Fed. R. Civ. P. 56. (Must be at least five months before requested trial date.) | | 1/26/2024 |
| Date of the final pretrial meeting. *See* Local Rule 3.06(a). | | 5/14/2024 |
| Deadline for filing the joint final pretrial statement, any motion in limine, proposed jury instructions, and verdict form. *See* Local Rule 3.06(b). (Must be at least seven days before the final pretrial conference.) | | 5/21/2024 |
| Date of the final pretrial conference. *See* Fed. R. Civ. P. 16(e); Local Rule 3.06(b). | | 5/28/2024 |
| Month and year of the trial term. | | June 2024 |

The trial will last approximately 10 days and be

☒ jury.

☐ non-jury.

3.  **Description of the Action**

    In this action, Plaintiff Patrick Reed, a professional golfer, asserts claims for defamation, defamation per se, defamation by implication, and tortious interference against nine media outlets and journalists. The five Defendants that have been served in this action deny the allegations in Plaintiff's operative Amended Complaint, and have filed two motions to dismiss the Amended Complaint pursuant to Federal Rule of Civil Procedure 12(b)(6).

4.  **Disclosure Statement**

    ☐ The parties have filed their disclosure statement as required by Federal Rule of Civil Procedure 7.1 and Local Rule 3.03.

    Defendants Hachette Book Group, Inc., Shane Ryan, NYP Holdings, Inc., Doug Ferguson, and The Associated Press have filed their disclosure statements as required by Federal Rule of Civil Procedure 7.1 and Local Rule 3.03. Plaintiff's disclosures will be filed by close of business March 10, 2023.

5.  **Related Action**

    ☐ The parties acknowledge their continuing duty under Local Rule 1.07(c) to notify the judge of a related action pending in the Middle District or elsewhere by filing a "Notice of a Related Action." No notice need be filed if there are no related actions as defined by the rule.

    Already done - *Reed vs. Chamblee, et. al, Civil Action No. – 3:22-cv-01059 (M.D. Fl.)*

6.  **Consent to a Magistrate Judge**

    > "A United States magistrate judge in the Middle District can exercise the maximum authority and perform any duty permitted by the Constitution and other laws of the United States." Local Rule 1.02(a). With the parties' consent, a district judge can refer any civil matter to a magistrate judge for any or all proceedings, including a non-jury or jury trial. 28 U.S.C. § 636(c).
    >
    > The Court asks the parties and counsel to consider the benefits to the parties and the Court of consenting to proceed before a magistrate judge. Consent can provide the parties certainty and flexibility in scheduling. Consent is voluntary, and a party for any reason

> can decide not to consent and continue before the district judge without adverse consequences. *See* Fed. R. Civ. P. 73(b)(2).

☐  The parties do consent and file with this case management report a completed Form AO 85 "Notice, Consent, and Reference of a Civil Action to a Magistrate Judge," which is available on the Court's website under "Forms."

☒  The parties do not consent.

7. **Preliminary Pretrial Conference**

☐  The parties do not request a preliminary pretrial conference before the Court enters a scheduling order.

☒  The parties do request a preliminary pretrial conference, and the parties want to discuss all issues leading to trial, including motions in limine, expert testimony, time of trial, issues that may arise, use of video depositions, etc.

8. **Discovery Practice**

> The parties should read the Middle District Discovery Handbook, available on the Court's website at flmd.uscourts.gov/civil-discovery-handbook, to understand discovery practice in this District.

☒  The parties confirm they will comply with their duty to confer with the opposing party in a good faith effort to resolve any discovery dispute before filing a motion. *See* Local Rule 3.01(g); *Middle District Discovery* (2021) at § I.A.2.

9. **Discovery Plan**

The parties submit the following discovery plan under Rule 26(f)(2):

A.  The parties agree to the timing, form, or requirement for disclosures under Rule 26(a):

  ☒  Yes.
  ☐  No; instead, the parties agree to these changes: enter changes.

B.  Discovery may be needed on these subjects:

  Claims and Defenses Concerning Counts for Defamation and Tortious Interference.

    C.    Discovery should be conducted in phases:

        ☒  No.
        ☐  Yes; describe the suggested phases.

    D.    Are there issues about disclosure, discovery, or preservation of electronically stored information?

        ☒  No.
        ☐  Yes; describe the issue(s).[*]

    E.    ☒  The parties have considered privilege and work-product issues, including whether to ask the Court to include any agreement in an order under Federal Rule of Evidence 502(d).

    F.    The parties stipulate to changes to the limitations on discovery imposed under the Federal Rules of Civil Procedure and Local Rule 3.04 or other limitations:

        ☒  No.
        ☐  Yes; describe the stipulation.

## 10. Request for Special Handling

☒ The parties do not request special handling.

☐ The parties request special handling. Specifically, describe requested special handling.

☐ Enter party's name unilaterally requests special handling. Specifically, describe requested special handling.

---

[*] All relevant records stored and kept electronically must be maintained and preserved.

11. **Certification of familiarity with the Local Rules**

    ☒ The parties certify that they have read and are familiar with the Court's Local Rules.

12. **Signatures**

Counsel for Plaintiff:

/s/ Larry Klayman_____
Larry Klayman, Esq.
Florida Bar No.: 246220
Klayman Law Group P.A.
7050 W. Palmetto Park Rd
Boca Raton, FL, 33433
Tel: 561-558-5536
leklayman@gmail.com
*Counsel for Patrick Nathaniel Reed*

Counsel for Defendants:

THOMAS & LoCICERO PL

 */s/ Carol Jean LoCicero*_____
Carol Jean LoCicero (FBN 603030)
Linda R. Norbut (FBN 1011401)
601 South Boulevard
Tampa, FL  33606
Telephone: (813) 984-3060
Facsimile:  (813) 984-3070
clocicero@tlolawfirm.com
lnorbut@tlolawfirm.com

-and-

DAVIS WRIGHT TREMAINE LLP

Jeremy A. Chase (*admitted pro hac vice*)
Jesse Feitel (*admitted pro hac vice*)
1251 Avenue of the Americas, 21st Floor
New York, NY 10020-1104
Telephone: (212) 489-8230
jeremychase@dwt.com
jessefeitel@dwt.com

Laura Handman (*admitted pro hac vice*)
1919 Pennsylvania Avenue NW, Ste. 800
Washington, D.C. 20006-3401
Telephone: (202) 973-4200
laurahandman@dwt.com

*Attorneys for Shane Ryan, Hachette Book Group, Inc., and NYP Holdings, Inc.*

THOMAS & LoCICERO PL

*/s/ Carol Jean LoCicero*
Carol Jean LoCicero (FBN 603030)
Linda R. Norbut (FBN 1011401)
601 South Boulevard
Tampa, FL  33606
Telephone: (813) 984-3060
Facsimile:  (813) 984-3070
clocicero@tlolawfirm.com
lnorbut@tlolawfirm.com
*Attorneys for The Associated Press and Doug Ferguson*