UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

| | |
|---|---|
| **PATRICK NATHANIEL REED,** | Case No. 3:22-CV-01181-TJC-PDB |
| PLAINTIFF, | |
| v. | **DEFENDANTS HACHETTE BOOK GROUP, INC.'S, SHANE RYAN'S, AND NYP HOLDINGS, INC.'S MOTION FOR LEAVE TO FILE A SHORT REPLY BRIEF** |
| **SHANE RYAN, ET AL.,** | |
| DEFENDANTS. | |
| _____/ | |

Defendants Hachette Book Group, Inc. ("Hachette"), Shane Ryan ("Ryan"), and Defendant NYP Holdings, Inc. ("NYP") (collectively, the "Defendants") hereby move pursuant to Local Rule 3.01(d), for leave to file a five-page reply brief in support of their Motion to Dismiss the Complaint (Dkt. No. 33) to be due one week after the Court decides this request. In support of this motion, Defendants state as follows:

1. On February 24, 2023, Defendants filed their Motion to Dismiss the Amended Complaint in this action (the "Motion") (Dkt. No. 33) and the Declaration of Jeremy A. Chase (Dkt. No. 34).

2. On March 24, 2023, Plaintiff Patrick Reed filed his Opposition to Defendants' Motion (the "Opposition") (Dkt. No. 42). The Opposition contains three specific misstatements of the case law and the record that Defendants feel compelled to address.

3. *First*, page 19 of the Opposition states that "Of particular importance and note here is that under Florida law, actual malice is presumed where the statements at

issue are per se defamatory." This is a misstatement of the law. The case law Plaintiff cites in support of this proposition pertains to *common law* malice, not the constitutional actual malice applicable to Plaintiff's claims and at issue here. *See, e.g.*, *Michel v. NYP Holdings, Inc.*, 816 F.3d 686, 695 (11th Cir. 2016) ("As a matter of constitutional law, where a public figure sues for defamation, he must prove the publication of a knowing or reckless falsehood (the 'actual malice' standard) to recover.").

4.  *Second*, page 20 of the Opposition states that "whether the statements were published with actual malice is a question for the jury. *Southern Air Transport, Inc. v. Post-Newsweek Stations, Florida, Inc.*, 568 So.2d 927, 929 (Fla. App. 3 Dist. 1990)." This statement too misrepresents the case law because countless courts within the Eleventh Circuit – including several cases cited in Defendants' Motion (*e.g.*, *Turner v. Wells*, 879 F.3d 1254 (11th Cir. 2018)) – have granted Rule 12(b)(6) motions to dismiss where a defendant failed to plausibly allege actual malice without requiring the issue go into discovery, much less be decided by a jury. And the *Southern Air* case upon which Plaintiff relies does not stand for the proposition that actual malice must always go to the jury; rather, that case merely held that there was sufficient evidence that a reasonable trier of fact could find actual malice in that particular case. *Southern Air*, 568 So.2d at 928-29.

5.  *Third*, page 22 of the Opposition states that Defendant NYP "conced[es] that [the wire service defense] does not apply to the published accusation that Mr. Reed was accused of, and did in fact, commit theft while he was in college." NYP,

however, made no such concession in the Motion. Rather, the Motion made clear that the wire service defense applies to each of the challenged statements published by NYP, including NYP's reporting on accusations against Plaintiff for cheating and theft in college. *See* Motion at 27.

6. These issues warrant a short reply, which Defendants believe will aid the Court in its understanding and consideration of this matter. *See*, *e.g.*, *Montgomery Bank, N.A. v. Alico Road Business Park, LP*, 2014 WL 3828406 (M.D. Fla. Aug. 4, 2014) (granting motion for leave to file reply where the opposition brief raised new legal issues and where a reply would "benefit the Court's resolution of the pending motion"); *PK Studios, Inc. v. R.L.R. Invs., LLC*, 2015 WL 12843877, at *2 (M.D. Fla. Dec. 8, 2015) (granting leave to file reply in support of motion to dismiss where defendant's arguments in response were "inaccurate and unsupported"); *see also Nunes v. Cable News Network, Inc.*, No. 8:22-cv-2659-SCB-AEP (M.D. Fla. Feb. 17, 2023), Dkt. No. 35 (granting leave to file a five-page reply in support of motion to dismiss).

## **CONCLUSION**

For the foregoing reasons, Defendants respectfully request this Court grant Defendants leave to file a five-page reply brief in support of their Motion to Dismiss the Amended Complaint, to be due one week after the Court decides this request.

## Local Rule 3.01(g) Certification

Counsel for Defendants have conferred with counsel for Plaintiff by email and represent Plaintiff opposes Defendants' motion.

| THOMAS & LoCICERO PL | DAVIS WRIGHT TREMAINE LLP |
|---|---|
| Carol Jean LoCicero (FBN 603030)<br>Linda R. Norbut (FBN 1011401)<br>601 South Boulevard<br>Tampa, FL  33606<br>Telephone: (813) 984-3060<br>Facsimile:  (813) 984-3070<br>clocicero@tlolawfirm.com<br>lnorbut@tlolawfirm.com<br><br>*Attorneys for Defendants Hachette Book Group, Inc., Shane Ryan, and NYP Holdings, Inc. D/B/A The New York Post* | Jeremy A. Chase*<br>Jesse Feitel*<br>1251 Avenue of the Americas-21st Fl.<br>New York, NY  10020<br>Telephone: (212) 489-8230<br>Facsimile:  (212) 489-8340<br>jeremychase@dwt.com<br>jessefeitel@dwt.com<br><br>Laura R. Handman*<br>1301 K Street NW, Suite 500 East<br>Washington, D.C. 20005<br>Telephone: (202) 973-4200<br>Facsimile: (202) 973-4499<br>laurahandman@dwt.com<br>*admitted *pro hac vice* |

## CERTIFICATE OF SERVICE

I hereby certify that on March 30, 2023, a true and correct copy of the foregoing was served via CM/ECF on all counsel of record.

                                                          */s/ Carol Jean LoCicero*
                                                          Carol Jean LoCicero