UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

| | |
|---|---|
| **PATRICK NATHANIEL REED,** | Case No. 3:22-cv-01181-TJC-PDB |
| PLAINTIFF, | **REPLY IN SUPPORT OF DEFENDANTS HACHETTE BOOK GROUP, INC.'S, SHANE RYAN'S, AND NYP HOLDINGS, INC.'S MOTION TO DISMISS THE FIRST AMENDED COMPLAINT** |
| v. | |
| **SHANE RYAN, ET AL.,** | |
| DEFENDANTS. | |
| _____/ | |

Defendants Hachette Book Group, Inc. ("Hachette"), Shane Ryan ("Ryan"), and NYP Holdings, Inc. ("NYP") (collectively, the "Defendants") respectfully submit this reply brief, pursuant to the Order of the Court dated April 6, 2023 (Dkt. No. 48 ¶ 2), in further support of their Motion to Dismiss the First Amended Complaint (Dkt. No. 33) (the "Motion").[1]

On March 24, 2023, Plaintiff Patrick Reed filed his Opposition to Defendants' Motion (the "Opposition") (Dkt. No. 42). While the Opposition does not address – let alone rebut – many of the arguments set forth in the Motion requiring dismissal of this action, the Opposition contains three specific misstatements of the case law and the record that Defendants are compelled to address.

*First*, page 19 of the Opposition states that "Of particular importance and note here is that under Florida law, actual malice is presumed where the statements at issue are per se defamatory." This is a misstatement of the law. Initially, the case law

---

[1] Unless defined in this reply brief, defined terms and abbreviations have the same meaning as in Defendants' Motion.

1

Plaintiff cites in support of this proposition – *Lawnwood Med. Ctr., Inc. v. Sadow*, 43 So. 3d 710, 727 (Fla. Dist. Ct. App. 2010) & *Metropolis Co. v. Croasdell*, 199 So. 568, 569 (Fla. 1941) – pertains to *common law* malice and the standard for awarding punitive damages (i.e., bad faith or intent to harm), not the constitutional actual malice applicable to Plaintiff's claims and unquestionably at issue here.  In *Lawnwood*, the entire discussion of malice pertains to the award of punitive damages in cases of slander per se – not the constitutional actual malice standard.  43 So. 3d at 727-29.  And although the *Croadell* Court uses the term "actual malice," the cases it cites in support of the proposition that "[w]ords amounting to libel per se necessarily import malice," plainly refer to "malice" as a synonym for "bad faith" or common law malice.  199 So. at 569-70 (citing *Layne v. Tribune Co.*, 108 Fla. 177, 188, 146 So. 234, 238 (Fla. 1933) (equating "malice" with "intent to do harm to the individual written about"), *Johnson v. Fin. Acceptance Co. of Ga.*, 118 Fla. 397, 401, 402, 159 So. 364, 366 (Fla. 1935) (equating "malice" with "bad motive"), and *Augusta Chron. Pub. Co. v. Arrington*, 42 Ga. App. 746, 157 S.E. 394 (Ga. App. 1931) ("Publisher's refusal to correct false publication is relevant to show malice or bad faith.")).  In any event, *Croadell* predates by **twenty-three years** the Supreme Court's pronouncement of the constitutional "actual malice" standard in *New York Times Co. v. Sullivan* 376 U.S. 254 (1964).  When these cases are put under the slightest scrutiny, it is clear that Plaintiff's statement of the law is wrong.  To the contrary, the law is settled in this Circuit that public figure libel plaintiffs, like the Plaintiff here, must plead and ultimately prove by clear and convincing evidence that the defendant published the statements at issue with actual

2

malice, *i.e.*, with knowledge of falsity or reckless disregard for the truth, in order to survive a dismissal motion and ultimately establish liability. *See*, *e.g.*, *Michel v. NYP Holdings, Inc.*, 816 F.3d 686, 695 (11th Cir. 2016) ("As a matter of constitutional law, where a public figure sues for defamation, he must prove the publication of a knowing or reckless falsehood (the 'actual malice' standard) to recover"; granting dismissal motion for failure to plead facts that if true could establish actual malice).

*Second*, page 20 of the Opposition states that "whether the statements were published with actual malice is a question for the jury. *Southern Air Transport, Inc. v. Post-Newsweek Stations, Florida, Inc.*, 568 So.2d 927, 929 (Fla. App. 3 Dist. 1990)." This statement similarly misrepresents the case law because countless courts within the Eleventh Circuit – including several cases cited in Defendants' Motion (*e.g.*, *Turner v. Wells*, 879 F.3d 1254 (11th Cir. 2018); *Coral Ridge Ministries Media, Inc. v. Amazon.com, Inc.*, 6 F.4th 1247, 1252 (11th Cir. 2021), *cert. denied sub nom. Coral Ridge Ministries Media, Inc. v. S. Poverty L. Ctr.*, 142 S. Ct. 2453 (2022)) – have granted Rule 12(b)(6) motions to dismiss without requiring the issue go into discovery, much less be decided by a jury, where a plaintiff failed to plausibly allege actual malice. And the *Southern Air* case upon which Plaintiff relies does not stand for the proposition that actual malice must always go to the jury; rather, that case merely held that there was sufficient record evidence that a reasonable trier of fact could find actual malice under the facts presented in that particular case. *Southern Air*, 568 So.2d at 928-29.

*Third*, page 22 of the Opposition states that Defendant NYP "conced[es] that [the wire service defense] does not apply to the published accusation that Mr. Reed

was accused of, and did in fact, commit theft while he was in college." NYP, however, made no such concession in the Motion or at any point. Rather, the Motion made clear that the wire service defense applies to each of the challenged statements published by NYP, including NYP's reporting on accusations against Plaintiff for cheating and theft in college. *See* Motion at 27 ("the defamation claim against NYP is independently subject to dismissal because NYP enjoys the protection of the wire service defense.").

## CONCLUSION

For the foregoing reasons, Defendants respectfully request that this Court dismiss the First Amended Complaint with prejudice, and such other relief the Court deems just and proper.

| THOMAS & LoCICERO PL | DAVIS WRIGHT TREMAINE LLP |
|---|---|
| */s/ Carol Jean LoCicero*<br>Carol Jean LoCicero (FBN 603030)<br>Linda R. Norbut (FBN 1011401)<br>601 South Boulevard<br>Tampa, FL  33606<br>Telephone: (813) 984-3060<br>Facsimile:  (813) 984-3070<br>clocicero@tlolawfirm.com<br>lnorbut@tlolawfirm.com<br><br>*Attorneys for Defendants Hachette Book Group, Inc., Shane Ryan, and NYP Holdings, Inc. D/B/A The New York Post* | Jeremy A. Chase*<br>Jesse Feitel*<br>1251 Avenue of the Americas-21st Fl.<br>New York, NY  10020<br>Telephone: (212) 489-8230<br>Facsimile:  (212) 489-8340<br>jeremychase@dwt.com<br>jessefeitel@dwt.com<br><br>Laura R. Handman*<br>1301 K Street NW, Suite 500 East<br>Washington, D.C. 20005<br>Telephone: (202) 973-4200<br>Facsimile: (202) 973-4499<br>laurahandman@dwt.com<br><br>*admitted pro hac vice |

## **CERTIFICATE OF SERVICE**

I hereby certify that on April 20, 2023, a true and correct copy of the foregoing was served via CM/ECF on all counsel of record.

*/s/ Carol Jean LoCicero*
Carol Jean LoCicero
