UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

PATRICK NATHANIEL REED,

        Plaintiffs,

Case No. 3:22-cv-01181-TJC-PDB

v.

SHANE RYAN, *et al.*,

        Defendants.

_____/

**DEFENDANT ERIK LARSON'S MOTION
TO DISMISS FIRST AMENDED COMPLAINT**

    Defendant, Erik Larson ("Mr. Larson"), pursuant to Fed. Rule Civ. P. 12(b)(2) hereby moves to dismiss the First Amended Complaint ("FAC") (D.E. 27) filed by Plaintiff, Patrick Nathaniel Reed ("Plaintiff" or "Mr. Reed"), for lack of personal jurisdiction. In the alternative, Mr. Larson also moves to dismiss the FAC, with prejudice, pursuant to Fed. Rule Civ. P. 12(b)(6), and joins in and incorporates by reference the Motion to Dismiss the FAC filed by Bloomberg L.P. ("Bloomberg") on April 19, 2023 (D.E. 50). In support hereof Mr. Larson states as follows:

**INTRODUCTION AND FACTUAL BACKGROUND**

    Mr. Larson, a resident and citizen of New York, is a reporter for Bloomberg and author of the news article at issue, attached as Exhibit "A" to Bloomberg's Motion to Dismiss the FAC. D.E. 50, Exh. "A" (the "Article"). In addition to pleading various claims against Bloomberg based on the Article, the FAC pleads precisely the same

claims against Mr. Larson: defamation (Count 29); defamation by implication (Count 30); defamation per se (Count 31); and tortious interference (Count 32). This Court should dismiss all claims pleaded against Mr. Larson for lack of personal jurisdiction since the FAC, on its face, fails to plead facts sufficient to subject Mr. Larson to this Court's jurisdiction and since subjecting him to personal jurisdiction here would violate due process.  Plaintiff fails to adequately allege that this Court has personal jurisdiction over Mr. Larson, a New York citizen with minimal contacts with this forum, much less any contacts that relate to or arise out of the Article. Indeed, the FAC's jurisdictional allegations as to Mr. Larson are vague, conclusory, and facially insufficient to assert a prima facie basis for personal jurisdiction over Mr. Larson. The Article is about high-profile litigation, with international implications, pending in two federal courts outside this forum, and is not otherwise directed at this forum. Given the lack of other ties to this forum, Plaintiff has not and cannot establish the requisite "minimum contacts" with this forum to subject Mr. Larson to personal jurisdiction here. Accordingly, the exercise of jurisdiction over Mr. Larson would be unreasonable, unfair, "offend traditional notions of fair play and substantial justice," and would thus violate due process.

      Even assuming Mr. Larson could properly be subject to personal jurisdiction here, the FAC should be dismissed nonetheless for all of the grounds set forth in Bloomberg's Motion to Dismiss the FAC (D.E. 50). Plaintiff has not and cannot satisfy the most basic elements of a defamation claim (against Bloomberg *or* Mr. Larson) based on the Article. In short, the Article, its headline, and the sole statement in the Article alleged to be defamatory, are simply not "of and concerning" Plaintiff, and no reasonable reader

would conclude they are. Further, Plaintiff cannot satisfy the other fundamental elements of a defamation claim, and the Article's headline and sole challenged statement constitute nonactionable, privileged "fair reports" of controversial positions taken in high-profile litigation and protected, nonactionable opinion based upon disclosed facts. Additionally, Plaintiff, a world-famous public figure, cannot plausibly satisfy the exacting actual malice standard against Bloomberg or Mr. Larson.

This Court should not hesitate to exercise its prominent role in preventing the press, including nonresident individual journalists such as Mr. Larson, from being harassed and burdened by meritless defamation claims and should readily dismiss all claims against Mr. Larson.

## LEGAL STANDARD

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* Plausibility will not be found where the claim alleged in the complaint is based solely on legal conclusions, or a "formulaic recitation of the elements of a cause of action." *Twombly*, 550 U.S. at 555. Plausibility, not sheer possibility or even conceivability, is required to survive a Rule 12(b)(6) motion to dismiss. *Id.* at 556.; *Iqbal*, 556 U.S. at 678.

Moreover, before this Court may take any action, it must determine that it may subject a defendant to its personal jurisdiction, and must dismiss the complaint if a plaintiff fails to demonstrate that personal jurisdiction over each defendant is proper. *Posner v. Essex Ins. Co., Ltd.*, 178 F.3d 1209, 1214 n.6 (11th Cir. 1999). It is "axiomatic" that a plaintiff bears the burden of establishing a prima facie case of personal jurisdiction over each defendant. *Don't Look Media Ltd. Liab. Co. v. Fly Victor Ltd.*, 999 F.3d 1284, 1292 (11th Cir. 2021). When a plaintiff fails to meet its burden of establishing personal jurisdiction, it is "fatal" to the complaint. *Ford v. Koutoulas*, 2023 U.S. Dist. LEXIS 55399, at *29 (M.D. Fla. Mar. 30, 2023).

Further, whether a challenged statement is defamatory is a question of law for the court. *Parekh v. CBS Corp.*, 820 F. App'x 827, 833 (11th Cir. 2020); *Turner v. Wells*, 879 F.3d 1254, 1262-63 (11th Cir. 2018). Importantly, defamation claims against journalists implicate important First Amendment and press freedom concerns, rendering early disposition especially appropriate. *See, e.g., Michel v. NYP Holding, Inc.*, 816 F.3d 686, 702 (11th Cir. 2016); *Stewart v. Sun Sentinel Co.*, 695 So. 2d 360, 363 (Fla. 4th DCA 1997). This principle is particularly applicable on this record, where a public figure plaintiff appears intent upon a course of aggressive litigation tactics to mute any unflattering media commentary related to him, or in the case of the Article, which makes no reference to him, the league for which he plays.

## ARGUMENT

### I. This Court Lacks Personal Jurisdiction Over Mr. Larson

The FAC should be dismissed for failure to properly allege that this Court has personal jurisdiction over Mr. Larson. When determining whether to exercise personal jurisdiction over a defendant, courts first consider whether jurisdiction is appropriate under the state's long arm statute, and if so, the court then evaluates whether the exercise of jurisdiction would violate constitutional due process. *Louis Vuitton Malletier, S.A. v. Mosseri*, 736 F.3d 1339, 1350 (11th Cir. 2013). Plaintiff must demonstrate the Court may exercise either general or specific personal jurisdiction over each defendant. *Skyhop Techs., Inc. v. Narra*, 58 F.4th 1211, 1228 (11th Cir. 2023); *Zimmerman v. Buttigieg*, 521 F. Supp. 3d 1197, 1208 (M.D. Fla. 2021) (under Florida's' long arm statute, a defendant can be subject to specific personal jurisdiction under §48.193(1)(a), Florida Statutes, or general personal jurisdiction under §48.193(2), Florida Statutes).

To establish personal jurisdiction over a nonresident defendant, a plaintiff bears the burden of alleging sufficient facts to make out a prima facie case of jurisdiction. *Catalyst Pharm., Inc. v. Fullerton*, 748 F. App'x 944, 946 (11th Cir. 2018). Vague and conclusory allegations will not satisfy a plaintiff's burden. *Id.*; *Castillo v. Allegro Resort Mktg.*, 603 F. App'x 913, 916 (11th Cir. 2015) (conclusory allegations were insufficient to establish a prima facie case of jurisdiction); *Snow v. DirecTV, Inc.*, 450 F.3d 1314, 1318 (11th Cir. 2006) (reliance on vague and conclusory allegations in the complaint is insufficient to establish a prima facie case of personal jurisdiction).

### A. Plaintiff Fails To Allege General Jurisdiction Over Mr. Larson

To exercise general jurisdiction over a nonresident defendant, the defendant's activities within the forum must be so "continuous and systematic" as to render the defendant "essentially at home in the forum state." *Daimler AG v. Bauman*, 571 U.S. 117, 138-39 (2014). "For an individual, the paradigm forum for the exercise of general jurisdiction is the individual's domicile." *Sandp Sols., Inc. v. Silver Logic, LLC*, 2022 U.S. Dist. LEXIS 188444, at *10 (S.D. Fla. Jan. 14, 2022) (citing *Daimler*, 571 U.S. at 137). *See also Ferenchak v. Zormati*, 572 F. Supp. 3d 1284, 1292 (S.D. Fla. 2021) ("It is well-established, therefore, that for individuals, general jurisdiction is limited to the individual's domicile."); *Perry v. Ryan*, 2023 U.S. Dist. LEXIS 38969, at *8 (M.D. Fla. Mar. 8, 2023) (individual defendants not subject to general jurisdiction in Florida where no defendant alleged to be a citizen or resident of the state).

Here, Plaintiff does not purport to assert general jurisdiction over Mr. Larson pursuant to Fla. Stat. § 48.193(2), and, in fact, this Court does not have general jurisdiction over Mr. Larson. As admitted in the FAC, Mr. Larson is a citizen and resident of the State of New York. D.E. 27, ¶ 17. The FAC does not and cannot allege Mr. Larson is "essentially at home in this forum." *Daimler*, 571 U.S. at 138-39. Accordingly, this Court cannot exercise general jurisdiction over Mr. Larson. *See Ferenchak*, 572 F. Supp. 3d at 1292; *Perry*, 2023 U.S. Dist. LEXIS 38969, at *8; *Scanz Techs., Inc. v. JewMon Enters., LLC,* 2021 U.S. Dist. LEXIS 2651, at *10 (S.D. Fla. Jan 7, 2021).

### B.  Plaintiff Fails to Allege Specific Jurisdiction Over Mr. Larson

Plaintiff asserts that specific jurisdiction over Mr. Larson is proper pursuant to Fla. Stat. § 48.193(1)(a)(2) based on Mr. Larson's purported commission of defamation and tortious interference within the state. Here, the vague, generalized and conclusory allegations in the FAC fail to adequately plead a prima facie showing of specific personal jurisdiction over Mr. Larson. *See, e.g.*, *Fullerton*, 748 F. App'x at 947 (alleging defamatory statements were published to a message board insufficient to establish the statements were accessed in Florida); *Klayman v. CNN*, 2023 U.S. App. LEXIS 3668, at *5 (11th Cir. Feb. 16, 2023); *Dean v. Easterling*, 2020 U.S. Dist. LEXIS 59064, at *9-*10 (M.D. Fla. Apr. 3, 2020) (vague and conclusory allegations the allegedly defamatory material was accessed in Florida held facially insufficient under long arm statute).

The only allegation regarding access to any of the many publications at issue in the FAC by any third parties in Florida states:

> "Each and every one of the defamatory publications and tortious interference . . . were intentionally published and perpetrated by Defendants in the state of Florida, where the offending acts were accessed, read, opened, and viewed by numerous third-party Florida residents and citizens."

D.E. 27, ¶ 55. This vague and conclusory allegation, directed generally at all of the various publications, by all of the various Defendants, does not specifically refer to Mr. Larson or the Article at issue, much less allege that the Article itself was accessed by any specific individual or group in Florida. Courts have held such generalized, conclusory allegations insufficient to satisfy plaintiff's pleading burden on similar

7

defamation claims. *See Fullerton*, 748 F. App'x at 946; *Castillo*, 603 F. App'x at 916; *Snow*, 450 F.3d at 1318; *Dean*, 2020 U.S. Dist. LEXIS 59064, at *10.

Likewise, any attempt to assert long arm jurisdiction over Larson based on alleged "tortious interference" also fails. To establish that a claim for tortious interference would give rise to personal jurisdiction under the Florida Long Arm Statue, Plaintiff must expressly allege that Larson interfered with a contract in Florida. *See Helix Elec., Inc. v. Power Design, Inc*, 295 So. 3d 358, 360 (Fla. 2d DCA 2020) ("Ultimately, the allegations in [the] complaint are insufficient to meet the requirements of 48.193(1)(a)(2) because [plaintiff] failed to expressly allege that [defendant] interfered with [plaintiff's] contract in Florida."). Here, the FAC contains no allegation that any alleged interference occurred in Florida or pertained to a Florida contract or business relationship. *See* D.E. 27, ¶¶ 361-65. Additionally, the vague and conclusory allegation (that does not even specifically refer to the Article or Larson) that the "Court may exercise personal jurisdiction over the Defendants pursuant to Fla. Stat. §48.193(1)(a)(2) because they committed . . . tortious interference within the state of Florida [ ]" is insufficient to adequately plead prima facie long arm jurisdiction over Larson. *See Fullerton*, 748 F. App'x at 946; *Castillo*, 603 F. App'x at 916; *Snow*, 450 F.3d at 1318.

### C. Subjecting Mr. Larson to this Court's Personal Jurisdiction Would Violate Due Process

Even if the FAC had properly alleged long arm jurisdiction (it does not), subjecting Mr. Larson to personal jurisdiction here would nonetheless fail to comport with the Due Process Clause. Due process requires a defendant to have minimum contacts with the forum state such that the exercise of jurisdiction over him does not "offend traditional notions of fair play and substantial justice." *Zimmerman*, 521 F. Supp. 3d at 1208. Where a forum seeks to assert specific personal jurisdiction over a nonresident defendant, due process requires the defendant have "fair warning" that the activity may subject him to jurisdiction. *Id*. at 1209. This requirement is satisfied when the defendant has "purposefully directed" his activities at the forum and the litigation results from alleged injuries arising out of or related to those activities. *Id*. If this burden is satisfied, then the court must consider various factors to determine whether the exercise of personal jurisdiction would comport with fair play and substantial justice, including:

> the burden on the defendant in defending the lawsuit, the forum state's interest in adjudicating the dispute, the plaintiff's interest in obtaining convenient and effective relief, the interstate judicial system's interest in obtaining the most efficient resolution of controversies and the shared interest of the states in furthering fundamental substantive social policies.

*Id*. (citing *Madara v. Hall*, 916 F.2d 1510, 1517 (11th Cir. 1990)).

Additionally, for a state to exercise jurisdiction consistent with due process, a defendant's "suit-related conduct" must "create a substantial connection" with the forum. *Walden v. Fiore*, 571 U.S. 277, 284 (2014). This analysis looks to defendant's

contacts with the forum state itself, not with persons who reside there. *Id*. at 285. Indeed, a plaintiff cannot be the only link between a defendant and the forum, rather, the defendant's conduct must form the "necessary connection" with the forum. *Id*. at 285-86.

Here, the FAC states that due process is satisfied because "Defendants all conduct substantial business and reap substantial profit regularly in Florida[.]" D.E. 27, ¶ 2. This vague and conclusory allegation, directed at all Defendants in "shotgun pleading" fashion, fails to adequately allege that Mr. Larson, in his personal capacity, "purposefully directed" his suit-related activities at this forum, or that the litigation results from any alleged injuries arising out of or related to those activities. *See Zimmerman*, 521 F. Supp. 3d at 1209. *See also Castillo*, 603 F. App'x at 916 (conclusory allegations as to "contacts" that lacked any specific allegations relating to such contacts was insufficient to establish a prima facie case of personal jurisdiction); *CJS Sols. Grp., Ltd. Liab. Co. v. Tokarz*, 2021 U.S. Dist. LEXIS 41561, at *28-*29 (M.D. Fla. Mar. 5, 2021) (noting Eleventh Circuit courts have required more than "mere allegations" that a foreign defendant committed an intentional tort that caused harm to plaintiff residing in the forum); *Nu Image, Inc. v. Doe*, 2012 U.S. Dist. LEXIS 71617, at *7 (M.D. Fla. May 23, 2012) ("The allegations do not state that [defendant] purposefully directed his activities at Florida or in Florida, or that he knew his activities would cause harm in the State of Florida, or that he is actually located in the State of Florida . . The vague and conclusory allegations . . . are insufficient to satisfy a prima facie case for personal jurisdiction.").

Nor could the FAC plausibly allege that due process is satisfied. Mr. Larson simply does not have the requisite minimum contacts with Florida to subject him to personal jurisdiction here. Indeed, the crux of the claims against Mr. Larson are statements in, or alleged implications arising from, the Article which was published by Bloomberg. As detailed in Bloomberg's Motion to Dismiss, D.E. 50, the Article reports on positions taken in the course of litigation between nonparties to this case, LIV Golf, the PGA Tour, and Clout Public Affairs, in litigation pending outside this forum, in the United States District Court for the District of Columbia (*LIV Golf v. Clout Public Affairs*, 1:22-mc-00126 (D.C. Cir.). That litigation stems from separate litigation pending in the United States District Court for the Northern District of California, *LIV Golf, Inc., et. al v. PGA Tour*, 5:22-cv-04486 (N.D. Cal.). Accordingly, none of the underlying litigation, which is the core focus of the Article's reporting, is pending in Florida.

Further, none of the parties to this action are domiciled in Florida. Indeed, Plaintiff admits in the FAC that he is a citizen of Texas, not Florida. D.E. 27, ¶ 8. As this Court has noted in the related *Chamblee* case, an individual can only be a citizen of one state. *See Reed v. Chamblee*, 3:22-cv-01059-TJC-PDB, at D.E. 14 (M.D. Fla., Oct. 18, 2022) ("Plaintiff states that he is a resident of both Texas and Florida and that he is a citizen of Texas. A person cannot be a citizen of multiple states"), *citing Wachovia Bank v. Schmidt*, 546 U.S. 303, 318 (2006). Indeed, it appears Plaintiff's only tie to Florida is a second residence in Kissimmee, Florida. D.E. 27, ¶ 8. Likewise, Mr. Larson is a New York citizen, with no ties to Florida asserted in the FAC. *Id.* ¶ 17.

11

Accordingly, Mr. Larson's actions in authoring the Article were not "directed to," and have no connection with, this forum. Instead, Mr. Larson's only (attenuated) connection to this forum is Plaintiff – who is not even a Florida citizen.

In *Walden*, the Supreme Court made clear that a defendant's conduct must form the necessary connection with the forum, and a plaintiff cannot be a defendant's only link to the forum. 571 U.S. at 284, 85-86. Indeed, the Court identified the proper jurisdictional inquiry as whether a defendant's conduct connects him to the forum in a "meaningful way." *Id*. at 290. Here, Mr. Larson's actions do not connect him to Florida in any meaningful way, if at all. Simply put, Mr. Larson does not have the requisite minimum contacts with the forum, and should not be forced to litigate this action here. *See Interstellar Prods., Inc. v. Bush*, 576 F. Supp. 3d 1106, 1111 (M.D. Fla. 2020) (dismissing libel complaint for lack of personal jurisdiction, plaintiff could not establish defendant had minimum contacts with Florida, plaintiff did not show it suffered brunt of reputational injury in Florida or that defendant's tweets were sufficient contact with Florida, absent evidence defendant targeted Florida or dispute particularly interested Florida residents); *Guzman v. Cruise Yacht OP Co.*, 2023 U.S. Dist. LEXIS 46708, at *9 (S.D. Fla. Mar. 20, 2023) (no meaningful contacts with the forum when defendant lived and worked in a different forum, did not conduct business or own property in the forum, and rarely traveled to the forum); *Perry*, 2023 U.S. Dist. LEXIS 38969, at *10-*11 (unlikely plaintiffs could establish personal jurisdiction over defendants because defendants' contacts with the forum did not result from actions defendant undertook to create a substantial connection with the forum); *Sturmanskie*

*LLC v. Picturemaxx AG*, 2022 U.S. Dist. LEXIS 118528, at *26 (S.D. Fla. July 5, 2022) ("Defendants here made no choice to create even minimal connections with Florida; any connection to Florida is purely a result of *Plaintiff's* conduct, which is insufficient. Ultimately, the alleged conduct of Defendants is far too attenuated to Plaintiff's claims and the alleged harm that resulted in Florida."); *AKAI Custom Guns, LLC v. KKM Precision, Inc.*, 2021 U.S. Dist. LEXIS 186132, at *19 (S.D. Fla. Sept. 27, 2021) (exercise of personal jurisdiction in online defamation case would violate due process where anyone with internet access could view the statements at issue, plaintiffs failed to show conduct was directly aimed at Florida, and plaintiffs were the only connection between defendants and Florida).[1]

In sum, the FAC fails to establish that asserting personal jurisdiction over Mr. Larson here would be fair, reasonable or satisfy due process. Plaintiff has failed to satisfy his burden to demonstrate this Court may properly subject Mr. Larson to its specific personal jurisdiction, and thus the FAC should be dismissed.

## II.     Plaintiff Fails to State a Claim for Defamation or Tortious Interference

Plaintiff asserts claims against Mr. Larson for defamation (Count 29), defamation by implication (Count 30); defamation per se (Count 31); and tortious interference (Count 32). All claims are premised upon the Article at issue, alleged to

---

[1] Further, because the body of the Article makes no mention of Plaintiff whatsoever, Plaintiff's defamation claims are all essentially "defamation by implication" claims, all hinging solely upon Bloomberg's publication of a Photo of Plaintiff (wearing a *LIV Golf*-branded hat) to accompany the Article. The FAC contains no allegation, nor could it plausibly, that Mr. Larson, who simply authored the Article, had any role in selecting the Photo at issue.

13

be authored by Mr. Larson and published by Bloomberg. *Id*. at 113. The claims pleaded against Mr. Larson are identical to those pleaded against Bloomberg, and are based on the exact same factual allegations. *See* D.E. 27, ¶¶ 113-122; 333-398. Moreover, the FAC relies upon precisely the same factual allegations regarding the Article at issue as the only support for all claims against both Bloomberg and Mr. Larson. *Id*. at 113-122. Indeed, the FAC treats both Mr. Larson and Bloomberg as one and the same. Accordingly, because the allegations and causes of action are identical, Mr. Larson joins in and incorporates by reference herein Bloomberg's Motion to Dismiss the FAC (D.E. 50), and adopts the arguments set forth therein. For the reasons set forth in Bloomberg's Motion to Dismiss, the FAC fails to state claims against Mr. Larson for defamation and tortious interference, and should be dismissed with prejudice.

## CONCLUSION

For the foregoing reasons, Mr. Larson respectfully requests this Court dismiss Plaintiff's First Amended Complaint, with prejudice, and grant such other relief the Court deems appropriate.

## Local Rule 3.01(g) Certification

I hereby certify I have conferred with Plaintiff's counsel by email on May 17, 2023, and represent that Plaintiff opposes the relief sought herein.

## CERTIFICATE OF SERVICE

I hereby certify that on May 18, 2023, a true and correct copy of the foregoing was served via CM/ECF on all counsel for record.

Respectfully submitted,

**GREENBERG TRAURIG, P.A.**

*s/ Gregory W. Herbert*
Gregory W. Herbert
Florida Bar No. 0111510
Savannah Young
Florida Bar No. 1031408
450 South Orange Avenue, Suite 650
Orlando, Florida 32801
Telephone: (407) 420-1000
herbertg@gtlaw.com
youngsa@gtlaw.com
*Attorneys for Defendants, Bloomberg L.P. and Erik Larson*