UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

PATRICK NATHANIEL REED,   Case No. 3-22-cv-01181-TJC-PDB

  Plaintiff,

vs.

SHANE RYAN, *et al.*,

  Defendants.

PATRICK NATHANIEL REED,   Case No. 3-22-CV-01059-TJC-PDB

  Plaintiff,

vs.

BRANDEL CHAMBLEE, *et al.*,

  Defendants.

### DEFENDANTS' JOINT OPPOSITION TO PLAINTIFF PATRICK NATHANIEL REED'S MOTIONS TO RECUSE THE HONORABLE TIMOTHY J. CORRIGAN PURSUANT TO 28 U.S.C. § 455 AND 28 U.S.C. § 144

    By and through counsel, Defendants[1] hereby submit this joint opposition to Plaintiff Patrick Reed's Motions to Recuse the Honorable

---

[1] "Defendants" refers to the following parties in *Reed I*: Brandel Chamblee, Damon Hack, Benjamin Bacon, Eamon Lynch, and TGC, LLC, d/b/a as Golf Channel (collectively, the "Golf Channel Defendants"); Gannett Satellite Information Network, LLC, d/b/a Golfweek, and Gannett Co., Inc. (collectively, the "Gannett Defendants"); and Condé Nast International, Inc., d/b/a *The New Yorker* ("*The New Yorker*"); and the following parties in

Timothy J. Corrigan Pursuant to 28 U.S.C. § 455 and 28 U.S.C. § 144 (the "Motion") (ECF 93).

## INTRODUCTION

Reed's Motion seeking to recuse the Honorable Chief Judge Timothy J. Corrigan, though lengthy in pages, is bereft of substance. At its core, Reed argues that it was an "impossibility" for Judge Corrigan to have determined that none of the fifty-five statements as pleaded by Reed were actionably defamatory as a matter of law, and that only Judge Corrigan's purported bias could explain such a result. Affidavit in Support [of] Motions to Recuse the Hon. Timothy J. Corrigan Pursuant to 28 U.S.C. § 144 and 28 U.S.C. § 455 ("Klayman Aff.") ¶¶ 13, 14, 23 (ECF 93 at page 33); *see also* Mot. at 6, 14, 15, 26. As will be set forth in Defendants' forthcoming briefs opposing Reed's motion seeking reconsideration of the Court's order, however, Reed's argument misstates both the law and the facts of this case and is a tiresome rehashing of extensive briefing. Further, for the reasons stated herein, *even if* the Court erred in its analysis of Reed's claims (which it did not), that is insufficient under either 28 U.S.C. § 144 or 28 U.S.C. § 455 to support his

---

*Reed II*: Shane Ryan, Hachette Book Group, Inc., Doug Ferguson, The Associated Press, NYP Holdings, Inc., Bloomberg L.P. and Erik Larson.

2

recusal motion. That Motion should be denied on either or both of two bases: it is untimely and meritless.

## ARGUMENT

It bears noting at the outset that Reed's Motion is in line with the routine tactics of his lead counsel, Larry Klayman, who has filed *at least twenty* motions seeking to recuse federal judges in other cases, as well as numerous lawsuits *against* federal judges.  *See* Decl. of Emmy Parsons ("Parsons Decl.") (collecting cases).   As the Honorable Anne Conway, former Chief Judge of this Court, once admonished:  When Klayman "receives unfavorable rulings, he often plunges into a tirade against whomever he feels has wronged him." *Klayman v. City Pages*, 2015 U.S. Dist. LEXIS 49134, at *15 (M.D. Fla., Apr. 3, 2015), *aff'd*, 650 F. App'x 744 (11th Cir. 2016).  The same is true here.

Reed seeks relief under two sections of the Judicial Code that afford litigants the ability to challenge a judge who they believe is biased or prejudiced.  *See* Mot. at 1.  Pursuant to 28 U.S.C. § 144, upon a "timely and sufficient affidavit," "filed *not less than ten days* before the beginning of the term [session] at which the proceeding is to be heard," a judge shall recuse himself if he is found to have "personal bias or prejudice" toward a party (emphasis added).  Similarly, 28 U.S.C. § 455 affords relief to litigants if a

judge's "impartiality might reasonably be questioned," including "[w]here he has a personal bias or prejudice concerning a party."

Reed's Motion, however, is neither timely nor grounded in *any* factual basis suggesting that Judge Corrigan exhibited *any* signs of bias for or against *any* party to this litigation. Rather it is filled with baseless venom targeting this Court, and it should be denied.

## I.     Reed's Motion is Untimely and Procedurally Insufficient

A motion for recusal under Section 144 must be filed "*not less than ten days* before the beginning of the term at which the proceeding is to be heard, [unless] good cause shall be shown," 28 U.S.C. § 144 (emphasis added). While Section 455 does not contain an "express timeliness provision," the Eleventh Circuit Court of Appeals has made clear that any motion "must be timely," and when facts allegedly supporting a motion for recusal are known before a hearing on the merits, a later-filed motion is untimely and "need not be considered." *United States v. Slay*, 714 F.2d 1093, 1094 (11th Cir. 1983); *accord Summers v. Singletary*, 119 F.3d 917, 920 (11th Cir. 1997).

Klayman boasts in his affidavit accompanying the Motion that soon after Reed's cases were assigned to Judge Corrigan in September and November 2022, respectively, Reed's wife "conducted background research concerning Judge Corrigan to get an understanding of his history and related matters." *See* Klayman Aff. at ¶ 1. By Klayman's own admission, he

4

"counseled the Reeds to take a wait and see approach and not jump to conclusions," and to see "how Judge Corrigan would administer" the cases. *Id.* ¶ 3. In other words, Reed has known about the facts that he contends establish Judge Corrigan's purported bias for more than one year, yet he never raised these concerns. Such gamesmanship is *exactly* what the timeliness requirements are designed to prevent. *See Summers*, 119 F.3d at 921 (timeliness requirement is needed "to conserve judicial resources and prevent a litigant from waiting until an adverse decision has been handed down before moving to disqualify the judge").

Further, the fact that Reed *himself* failed to submit an affidavit in support of his Section 144 argument also presents a ground on which to deny that portion of his Motion, as Section 144 requires that a "*party* . . . makes and files a timely and sufficient affidavit." 28 U.S.C. § 144 (emphasis added). Several Circuit Courts of Appeals have held that motions filed under Section 144 are invalid if the affidavit is signed only by counsel for the movant. *See United States ex rel. Wilson v. Coughlin*, 472 F.2d 100, 104 (7th Cir. 1973); *Giebe v. Pence*, 431 F.2d 942, 943 (9th Cir. 1970); *Roberts v. Bailar*, 625 F.2d 125, 128 (6th Cir. 1980).

On these bases alone, the Court should deny Reed's Motion.

## II. Reed's Motion Lacks Substantive Merit

Reed's Motion should also be denied on its merits. As courts have repeatedly emphasized, "judicial rulings alone almost never constitute a valid basis for a bias or partiality motion." *Liteky v. United States*, 510 U.S. 540, 555 (1994); *see also In re Castro*, 2023 U.S. App. LEXIS 10863, at * 2 (May 3, 2023, 11th Cir. 2023) (Under either Section 455 or Section 144, "[d]isqualification is only required when the alleged bias is personal in nature, that is, stemming from an extra-judicial source."); *Jaffe v. Grant*, 793 F.2d 1182, 1189 (11th Cir. 1986) (motions for recusal "may not ordinarily be predicated upon the judge's rulings in the same or a related case.").

Yet Reed's *only* non-judicial indicia of purported bias is that Judge Corrigan reportedly belongs to a country club "where high level officials of the PGA Tour are also members." Klayman Aff. ¶ 1. As numerous courts around the country have held, however, alleged bias based purely on affiliation with an organization offers, "[a]t most . . . unsupported, irrational, or tenuous allegations" about a judge's view of the parties, and is insufficient to justify recusal. *See Wu v. Thomas*, 996 F.2d 271, 297 (11th Cir. 1993) (judge's status as an adjunct professor and donations to defendant university insufficient to support disqualification under Section 455); *see also Sierra Club v. Simkins Indus.*, 847 F.2d 1109, 1118 (4th Cir. 1988) (judge's past membership in Sierra Club did not require disclosure or recusal under Section 455); *Baffert*

6

*v. Churchill Downs, Inc.*, 2023 U.S. Dist. LEXIS 27307, at *34 (W.D.K.Y. Feb. 17, 2023) (judge's membership in jockey club was "an interest too remote, indirect, and speculative to require disqualification"); *Armenian Assembly of Am. v. Cafesjian*, 783 F. Supp. 2d 78, 91 (D.D.C. 2011) (claim that judge would be biased "because she shares [party's] affinity for glass art is astonishing, for it suggests that the Court is incapable of separating personal interest from the performance of judicial duties"). Perhaps understanding this argument is specious, Reed only raises it in his counsel's affidavit, without corresponding argument in the Motion.

Reed's real complaint rests *entirely* on actions allegedly taken by the Court *within* the exercise of its judicial function in this case, including *sua sponte* dismissing Reed's Complaint *without prejudice*; analyzing the fifty-five challenged statements in categories; using a "harsh, mocking, and condescending tone in his Dismissal Order . . . which personally attacked not only Mr. Reed, but also his counsel, Mr. Klayman";[2] treating the parties in a "disparate and discriminatory" manner; considering "materials outside the

---

[2] The Order itself belies Reed's characterization of it. So does the Court's behavior. For example, the Court allowed extensive argument by Reed's counsel at the hearing, explained the judicial process to Plaintiff and his wife at the hearing's conclusion, and granted counsel's request for post-hearing briefing when hundreds of pages of briefing had already been filed.

7

scope of the Amended Complaints"[3]; dismissing Reed's Amended Complaint as a matter of law on the basis of "conclusory statements . . . and inapplicable case law"; and ordering further briefing on Defendants' entitlement to fees under Florida's Anti-SLAPP statute. Mot. at 4, 9-29; *see generally* Klayman Aff.

Even if Reed's arguments had merit (and to be clear, they do not), disqualification motions must "stem[] from an extra-judicial source" in all but the most extreme cases. *See In re Castro*, 2023 U.S. App. LEXIS 10863, at * 2. That is, even if this Court committed reversible error, that error is not a sufficient basis to support Reed's motion to recuse.[4] As the Eleventh Circuit previously held in affirming Judge Conway's denial of a recusal motion filed by Klayman, while "Mr. Klayman contends that the comments were

---

[3] Never mind that, as the Court and counsel made clear, the materials were "courtesy copies of electronically filed pleadings and exhibits" that counsel had also provided to Reed. *See* Order at 75-76 & n.27, Case Nos. 3:22-cv-1059-TJC-PDB and 3:22-cv-1181-TJC-PDB (Sept. 27, 2023) (ECF 91); *see also* Defs.' Notice of Filing Proof of Service, Case No. 3-22-CV-01059-TJC-PDB (Mar. 1, 2023) (ECF 49).

[4] Reed's protestation that Judge Corrigan allegedly treated counsel in a "disparate and discriminatory" manner—a claim that is based *entirely* on the fact that a member of the defense team previously worked for him, *see* Mot. at 11-12—is meritless for the additional reason that the Eleventh Circuit Court of Appeals has made clear judges need not recuse themselves from cases merely because a former clerk appears as counsel of record post-clerkship. *See Brown v. Brock*, 169 F. App'x 579, 583 (11th Cir. 2006); *see also Smith v. Pepsico, Inc.*, 434 F. Supp. 524, 526 (S.D. Fla. 1977) ("If a court were to accept the contention that recusal was necessary whenever any counsel had been a prior law clerk to a judge, this would be an unfair penalty placed upon former law clerks of Federal Judges. In addition, United States judges themselves would suffer an obvious limitation on their recruiting of talented law clerks in the future.").

8

unnecessary, mocking, and unbecoming of a federal judge[, w]hat Mr. Klayman fails to do is produce evidence or convincingly show that these statements made a 'fair judgment impossible.' We therefore hold that the district court did not abuse its discretion in denying Mr. Klayman's motion to disqualify." *Klayman*, 650 F. App'x at 749 (quoting *Liteky*, 510 U.S. at 555).

Here too—Reed and his counsel have failed to produce any evidence that Judge Corrigan's alleged bias "made a 'fair judgment impossible.'" *Id*. Accordingly, Reed's Motion should be denied on the merits.

## CONCLUSION

For the foregoing reasons, Defendants respectfully request that this Court deny Reed's baseless motion.

Respectfully Submitted,

SHULLMAN FUGATE PLLC

  */s/ Minch Minchin*
(Signed by filing lawyer with permission of non-filing lawyer)
Rachel E. Fugate (Fla. Bar No. 144029)
rfugate@shullmanfugate.com
Deanna K. Shullman (Fla. Bar No. 514462)
dshullman@shullmanfugate.com
Minch Minchin (Fla. Bar No. 1015950)
mminchin@shullmanfugate.com
50 N. Laura Street, Suite 2500
Jacksonville, FL 32202
Tel: (813) 935-5098

*Attorneys for the Golf Channel Defendants*

9

THOMAS & LoCICERO PL

*/s/ Carol Jean LoCicero*
Carol Jean LoCicero (FBN 603030)
Linda R. Norbut (FBN 1011401)
601 South Boulevard
Tampa, FL  33606
Telephone: (813) 984-3060
Facsimile:  (813) 984-3070
clocicero@tlolawfirm.com
lnorbut@tlolawfirm.com
Secondary email: tgilley@tlolawfirm.com

*Attorneys for the Gannett Defendants, the AP Defendants, Defendants Hachette Book Group, Inc., Shane Ryan, and NYP Holdings, Inc. D/B/A The New York Post*


BALLARD SPAHR

/s/ *Charles D. Tobin*
(Signed by filing lawyer with permission of non-filing lawyer)
Charles D. Tobin (FBN 816345)
tobinc@ballardspahr.com
Jay Ward Brown (*pro hac vice*)
brownjay@ballardspahr.com
Emmy Parsons (*pro hac vice*)
parsonse@ballardspahr.com
1909 K Street NW, 12th Floor
Washington, DC 20006
Telephone: (202) 661-2200

*Attorneys for The New Yorker*

DAVIS WRIGHT TREMAINE LLP

 /s/ *Jeremy A. Chase*
(Signed by filing lawyer with permission of non-filing lawyer)
Jeremy A. Chase (*pro hac vice*)
Jesse Feitel (*pro hac vice*)
1251 Avenue of the Americas-21st Fl.
New York, NY 10020
Telephone: (212) 489-8230
Facsimile: (212) 489-8340
jeremychase@dwt.com
jessefeitel@dwt.com

Laura R. Handman (*pro hac vice*)
1301 K Street NW, Suite 500 East
Washington, D.C. 20005
Telephone: (202) 973-4200
Facsimile: (202) 973-4499
laurahandman@dwt.com

*Defendants Hachette Book Group, Inc., Shane Ryan, and NYP Holdings, Inc. D/B/A The New York Post*

GREENBERG TRAURIG, P.A.

 /s/ *Gregory W. Herbert*
(Signed by filing lawyer with permission of non-filing lawyer)
Gregory W. Herbert
Florida Bar No. 0111510
Savannah Young
Florida Bar No. 1031408
450 South Orange Avenue, Suite 650
Orlando, Florida 32801
Telephone: (407) 420-1000
herbertg@gtlaw.com
youngsa@gtlaw.com

*Attorneys for Defendants Erik Larson and Bloomberg L.P.*

12

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on the **6th day of November, 2023**, I electronically filed the foregoing document with the Clerk of Court using the CM/ECF system. I also certify that the foregoing document is being served this date on all counsel of record via transmission of Notices of Electronic Filing generated by the CM/ECF system to the following counsel of record:

Larry Elliot Klayman
7050 W. Palmetto Park Rd
Boca Raton, FL  33433
leklayman@gmail.com

/s/ *Carol Jean LoCicero*
Attorney