[DO NOT PUBLISH]

# In the
# United States Court of Appeals
# For the Eleventh Circuit

_____

No. 24-10058

_____

PATRICK NATHANIEL REED,

                                                                   Plaintiff-Appellant,

*versus*

BRANDEL EUGENE CHAMBLEE,
TGC, LLC,
d.b.a. Golf Channel,
DAMON HACK,
BENJAMIN SHANE BACON,
EAMON LYNCH, et al.,

                                                              Defendants-Appellees,

GOLFWEEK,

                                                                     Defendant.

Case 3:22-cv-01181-TJC-PDB   Document 96   Filed 07/08/25   Page 2 of 11 PageID 2878
USCA11 Case: 24-10070   Document: 66-1   Date Filed: 07/08/2025   Page: 2 of 9

2     Opinion of the Court     24-10058

_____

Appeal from the United States District Court
for the Middle District of Florida
D.C. Docket No. 3:22-cv-01059-TJC-PDB

_____

_____

No. 24-10070

_____

PATRICK NATHANIEL REED,

                                                       Plaintiff-Appellant,

*versus*

SHANE RYAN,
HACHETTE BOOK GROUP, INC.,
DOUG FERGUSON,
THE ASSOCIATED PRESS,
FOX SPORTS, INC., et al.,

                                                       Defendants-Appellees.

_____

Appeal from the United States District Court
for the Middle District of Florida
D.C. Docket No. 3:22-cv-01181-TJC-PDB

_____

Case 3:22-cv-01181-TJC-PDB   Document 96   Filed 07/08/25   Page 3 of 11 PageID 2879
USCA11 Case: 24-10070   Document: 66-1   Date Filed: 07/08/2025   Page: 3 of 9

24-10058                Opinion of the Court                3

Before LUCK, LAGOA, and ABUDU, Circuit Judges.

PER CURIAM:

Patrick Reed, a famous professional golfer and public figure, filed two separate, thirty-six count defamation lawsuits, each against multiple media companies and their employees based on several allegedly defamatory publications, including television broadcasts, podcasts, print and online articles, social media posts, and a book.[1] Specifically, Reed brought claims for defamation, defamation *per se*, defamation by implication, and tortious interference of contract. Reed now appeals the district court's dismissal of both lawsuits.[2]

---

[1] *See* Amended Complaint, *Reed v. Chamblee,* No. 3:22-CV-1059 (M.D. Fla.) ("*Reed I*"); Amended Complaint, *Reed v. Ryan,* No. 3:22-CV-1181 (M.D. Fla.) ("*Reed II*").

[2] However, Reed's appeals do not challenge every holding of the district court, and "[w]hen an appellant fails to challenge properly on appeal one of the grounds on which the district court based its judgment, he is deemed to have abandoned any challenge of that ground, and it follows that the judgment is due to be affirmed." *Sapuppo v. Allstate Floridian Ins. Co.*, 739 F.3d 678, 680 (11th Cir. 2014). Further, "[w]e have long held that an appellant abandons a claim when he either makes only passing references to it or raises it in a perfunctory manner without supporting arguments and authority." *Id.* at 681. In *Reed I*, Reed fails to brief any challenge to the district court's dismissal of the claims against Defendants Associated Press and Doug Ferguson and its dismissal of Defendant Erik Larson for lack of personal jurisdiction. Thus, the district court's dismissal of these claims and Defendants is affirmed. *Id.* In *Reed II*, Reed fails to challenge on appeal the district court's dismissal of claims against Defendants Gannett Satellite Information Network, LLC, Gannett Co., Inc., Conde Nast International, Inc., and Zach Helfand. The district court's

4                    Opinion of the Court                    24-10058

We write only for the parties, and therefore we recite only those facts that are necessary for the parties to understand our opinion. Reed left the Professional Golfers' Association Tour ("PGA Tour") and signed with LIV Golf—a newer professional golf tour financially backed by the Public Investment Fund of Saudi Arabia. Reed generally alleges that, in retaliation for his decision to sign with LIV, Defendants conspired with other major tour groups, including the PGA Tour, to maliciously defame him and tortiously interfere with his LIV contract. Reed's allegations rely on one of two allegedly defamatory narratives—(1) as a member of LIV Golf he has aligned himself with the "tyrannical, murderous" leader of Saudi Arabia for a higher paycheck paid in "blood money," which is destroying the sport, or (2) he has a history of being accused of cheating and unethical behavior during tournaments. Reed alleges that, because of these allegedly false narratives, he suffered social harm to his goodwill and reputation, as well as financial harm to his business and sponsorship deals.

The complaints that Reed filed in each case were dismissed without prejudice as "shotgun pleadings," and the district court directed Reed to refile and incorporate only relevant factual allegations into each count. Reed amended both complaints, and all Defendants in both lawsuits moved to dismiss under Federal Rule of Civil Procedure 12(b)(6)—seven motions in total. The district court held a nearly three-hour omnibus hearing on the motions.

---

dismissal of these claims and Defendants is affirmed as well. The remainder of this opinion applies to the remaining Defendants in both *Reed I* and *Reed II*.

Case 3:22-cv-01181-TJC-PDB  Document 96  Filed 07/08/25  Page 5 of 11 PageID 2881
USCA11 Case: 24-10070  Document: 66-1  Date Filed: 07/08/2025  Page: 5 of 9

24-10058            Opinion of the Court                    5

The district court then issued a joint seventy-eight-page opinion that dismissed both cases with prejudice, holding, *inter alia*, that none of Reed's defamation claims were actionable because he failed to plead any Defendant acted with actual malice in making any of the statements. Reed timely appealed the district court's dismissal of both complaints.

After carefully reviewing the record and the parties' briefs, and with the benefit of oral argument, we affirm the district court's decision.[3]

We review *de novo* an order granting a motion to dismiss with prejudice for failure to state a claim under Rule 12(b)(6), accepting all the allegations in the complaint as true and construing them in the light most favorable to the plaintiff. *Young Apartments, Inc. v. Town of Jupiter*, 529 F.3d 1027, 1037 (11th Cir. 2008). To survive a motion to dismiss under Rule 12(b)(6), a complaint must include "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim

---

[3] Reed's claims for tortious interference of contract against each Defendant, in which he alleged that they interfered with ongoing business relationships by "spreading lies of and concerning" him, are based on the same "lie spreading" statements upon which his defamation claims rely. Under Florida's "single publication" or "single action" doctrine, if "the defamation count[s] fail[], the other counts based on the same publication must fail as well . . . ." *Callaway Land & Cattle Co. v. Banyon Lakes C. Corp.*, 831 So. 2d 204, 208 (Fla. Dist. Ct. App. 2002); *see also Fridovich v. Fridovich*, 598 So. 2d 65, 70 (Fla. 1992). Thus, under Florida law, because all of Reed's defamation claims fail, his tortious interference claims also fail, and the district court's dismissal of those claims is also affirmed.

6  Opinion of the Court  24-10058

is facially plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). A plaintiff must allege "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555.

Under Florida law, for claims against a public figure for defamation, defamation *per se*, or defamation by implication, a plaintiff must plausibly allege, among other things, that the defendant acted with "actual malice." *Jews for Jesus, Inc. v. Rapp*, 997 So. 2d 1098, 1106–08, 1111–12 (Fla. 2008); *accord Mid-Fla. Television Corp. v. Boyles,* 467 So. 2d 282, 283 (Fla. 1985).[4] Allegations of actual malice in a defamation context must satisfy the *Twombly/Iqbal* plausibility standard; thus, the facts a plaintiff alleges must support a reasonable inference that the speaker or publisher made the false statement knowing it was false or with reckless disregard as to its falsity. *Turner v. Wells*, 879 F.3d 1254, 1273 (11th Cir. 2018) (citing *Michel*, 816 F.3d at 702); *see also Jews for Jesus*, 997 So. 2d at 1106. This subjective test focuses on whether the defendant had serious concerns about the accuracy of the published statement or was highly cognizant that the statement was likely false. *Turner*, 879 F.3d at 1273 (citing *Michel*, 816 F.3d at 702–03).

---

[4] "Determining whether an individual is a public figure—and thus subject to the actual malice analysis—is a question of law for the court to decide." *Michel v. NYP Holdings, Inc.*, 816 F.3d 686, 702 (11th Cir. 2016). We hold, and the parties concede, that Reed is a public figure.

24-10058               Opinion of the Court                    7

To start, Reed's complaints include a litany of conclusory allegations that are merely formulaic recitations of the "actual malice" element which, alone, are insufficient. *Id.*; *cf. Twombly*, 550 U.S. at 555. For example, he alleges that Defendants "acted with actual malice," the statements were "made with actual malice," and that "[they] knew or had reason to know that the publications were false and misleading, and/or at a minimum acted with a reckless disregard for the truth." Beyond these conclusory allegations, Reed further argues that his numerous allegations about Defendants' hostility and animosity towards him and repeated attacks against him are also sufficient to plead Defendants acted with actual malice. However, "ill-will, improper motive or personal animosity plays no role in determining whether a defendant acted with actual malice." *Project Veritas v. Cable News Network, Inc.*, 121 F.4th 1267, 1283 (11th Cir. 2024) (alteration adopted) (quoting *Dunn v. Air Line Pilots Ass'n*, 193 F.3d 1185, 1198 n.17 (11th Cir. 1999)); *see also Masson v. New Yorker Mag., Inc.*, 501 U.S. 496, 510 (1991) ("Actual malice [in the context of defamation against a public figure] should not be confused with the concept of malice as an evil intent or a motive arising from spite or ill will.").

Reed also points to his allegations that the Defendants failed to fully investigate their statements by intentionally choosing not to speak with any witnesses who could have refuted the allegedly defamatory statements as further support that he satisfied the elements for claiming actual malice. However, a defendant's "failure to investigate, standing on its own, does not indicate the presence of actual malice." *Michel*, 816 F.3d at 703. Instead, a plaintiff must

Case 3:22-cv-01181-TJC-PDB   Document 96   Filed 07/08/25   Page 8 of 11 PageID 2884
USCA11 Case: 24-10070   Document: 66-1   Date Filed: 07/08/2025   Page: 8 of 9

8                Opinion of the Court                24-10058

show the defendant deliberately avoided investigating the veracity of the statement in order to evade learning the truth. *Id.* Reed's amended complaints fail to allege such facts.

Additionally, Reed contends that, because some Defendants republished or relied on the alleged defamatory statements, they necessarily engaged in actual malice. Yet, Reed never alleged a key component of actual malice, which is that the Defendants had serious concerns about the accuracy of the published statements or were highly cognizant that the statements were likely false. *See Turner*, 879 F.3d at 1273 (citing *Michel*, 816 F.3d at 702–03). As we already have held, publishers are permitted to rely on other published reports from "reputable sources." *Berisha v. Lawson*, 973 F.3d 1304, 1313 (11th Cir. 2020) (quoting *Liberty Lobby, Inc. v. Dow Jones & Co.*, 838 F.2d 1287, 1297 (D.C. Cir. 1988)). Further, the required awareness of likely falsehood is absent when the publisher's claims are reasonably supported by numerous prior reports, as is the case here. *Rosanova v. Playboy Enters., Inc.*, 580 F.2d 859, 862 (5th Cir. 1978).[5]

In sum, Reed simply failed to plead facts that addressed the element of "actual malice" in the context of defamation against a public figure, *i.e.*, that any Defendant knew the statements they made were false or that they made them with reckless disregard as to their falsity. *Turner*, 879 F.3d at 1273. Thus, all his defamation

---

[5] *See Bonner v. City of Prichard*, 661 F.2d 1206, 1207 (11th Cir. 1981) (*en banc*) (holding that all Fifth Circuit decisions issued by the close of business on September 30, 1981, are binding precedent of this Court).

Case 3:22-cv-01181-TJC-PDB   Document 96   Filed 07/08/25   Page 9 of 11 PageID 2885
USCA11 Case: 24-10070   Document: 66-1   Date Filed: 07/08/2025   Page: 9 of 9

24-10058                Opinion of the Court                9

claims fail, and the district court's dismissal of each defamation claim against every remaining Defendant is affirmed.

While Reed seeks leave to replead his claims, a district court may dismiss a case with prejudice when amendment would be futile. *See Burger King Corp. v. Weaver*, 169 F.3d 1310, 1320 (11th Cir. 1999). Reed has had two opportunities to plausibly allege claims for defamation in his lengthy complaints but has failed both times to sufficiently allege any Defendant acted with actual malice. He does not present any argument on appeal that convinces us a third opportunity would lead to viable claims. Any further amendment would, therefore, be futile. Accordingly, the district court's dismissal of both complaints in their entirety *with prejudice* is affirmed.

**AFFIRMED.**

# UNITED STATES COURT OF APPEALS
# FOR THE ELEVENTH CIRCUIT

ELBERT PARR TUTTLE COURT OF APPEALS BUILDING
56 Forsyth Street, N.W.
Atlanta, Georgia 30303

David J. Smith
Clerk of Court

For rules and forms visit
www.ca11.uscourts.gov

July 08, 2025

MEMORANDUM TO COUNSEL OR PARTIES

Appeal Number: 24-10070-GG
Case Style: Patrick Reed v. Shane Ryan, et al
District Court Docket No: 3:22-cv-01181-TJC-PDB

Opinion Issued
Enclosed is a copy of the Court's decision issued today in this case. Judgment has been entered today pursuant to FRAP 36. The Court's mandate will issue at a later date pursuant to FRAP 41(b).

Petitions for Rehearing
The time for filing a petition for panel rehearing or rehearing en banc is governed by 11th Cir. R. 40-2. Please see FRAP 40 and the accompanying circuit rules for information concerning petitions for rehearing. Among other things, **a petition for rehearing must include a Certificate of Interested Persons**. See 11th Cir. R. 40-3.

Costs
Costs are taxed against Appellant(s) / Petitioner(s).

Bill of Costs
If costs are taxed, please use the most recent version of the Bill of Costs form available on the Court's website at www.ca11.uscourts.gov. For more information regarding costs, see FRAP 39 and 11th Cir. R. 39-1.

Attorney's Fees
The time to file and required documentation for an application for attorney's fees and any objection to the application are governed by 11th Cir. R. 39-2 and 39-3.

Appointed Counsel
Counsel appointed under the Criminal Justice Act (CJA) must submit a voucher claiming compensation via the eVoucher system no later than 45 days after issuance of the mandate or the filing of a petition for writ of certiorari. Please contact the CJA Team at (404) 335-6167 or cja_evoucher@ca11.uscourts.gov for questions regarding CJA vouchers or the eVoucher system.

<u>Clerk's Office Phone Numbers</u>

| | | | |
|---|---|---|---|
| General Information: | 404-335-6100 | Attorney Admissions: | 404-335-6122 |
| Case Administration: | 404-335-6135 | Capital Cases: | 404-335-6200 |
| CM/ECF Help Desk: | 404-335-6125 | Cases Set for Oral Argument: | 404-335-6141 |

OPIN-1 Ntc of Issuance of Opinion